UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES AND GIOVANNA ARRAJJ, **Plaintiffs,** v. AMERICAN COMMERCE INSURANCE COMPANY & SELECTIVE INSURANCE COMPANY OF AMERICA, **Defendants.** | Civil Action No. 14-3233 (FSH) OPINION |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court by way of motion of Plaintiffs James and Giovanna Arrajj ("Plaintiffs") for Leave to Amend their Complaint. (Dkt. No. 24). Defendant Selective Insurance Company of America ("Selective)" and Defendant American Commerce Insurance Company ("American Commerce") oppose the motion. (Dkt. Nos. 27, 29). The Court has considered Plaintiffs' Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth herein, the Court **DENIES in part** and **GRANTS in part** Plaintiff's Motion to Amend their Complaint.

**I.    BACKGROUND**

On May 20, 2014, Plaintiffs filed a Complaint against American Commerce and Selective for breach of contract (flood policy) (Count I), breach of contract (homeowner's policy) (Count II), and breach of good faith and fair dealing (homeowner's policy) (Count III). (Dkt. No. 1). Plaintiffs alleged that their home was destroyed by Hurricane Sandy on October 29, 2012. (*Id.*, at ¶ 1). Plaintiffs alleged that they purchased a National Flood Insurance Policy from Defendant

Selective that provided coverage for the damage they sustained. (*Id.*, at ¶ 4). They also alleged that they purchased homeowner's insurance from Defendant American Commerce. (*Id.*, at ¶ 5). Plaintiffs claimed that both Defendant Selective and American Commerce unreasonably and in bad faith denied coverage and underpaid for the damage to Plaintiffs' home and contents. (*Id.*, at ¶¶ 8-9, 20-39).

The Court entered the Hurricane Sandy Case Management Order ("HSCMO") on July 21, 2014. (Dkt. No. 12). The HSCMO provides that any motions to amend the pleadings or join new parties shall be filed no later than sixty (60) days from entry of the HSCMO. On September 18, 2014, Plaintiffs filed the instant motion seeking leave to amend their Complaint. Plaintiffs seek to add two causes of action to the Complaint. First, Plaintiffs seek to add a single cause of action—Count IV for Declaratory Judgment—against Selective. (Dkt. No. 24-3, at ¶¶ 59-61). Second, Plaintiffs seek to add a single cause of action—Count V for Violation of New Jersey Consumer Fraud Act—against American Commerce. (Dkt. No. 24-3, at ¶¶ 62-69).

II.     DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A general presumption exists in favor of allowing a party to amend its pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court may deny a motion to amend the pleadings only where there is: (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. *Foman*, 371 U.S. at 182; *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.")

(citations omitted); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

### A. Defendant Selective Insurance Company of America

Plaintiffs' proposed declaratory judgment claim (Count IV) seeks a declaration pursuant to 28 U.S.C. § 2201 that "Selective is in breach of its obligation to pay fully the amount due under the policy . . . ." (Dkt. No. 24-3, at ¶ 61). Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Defendant Selective contends that Plaintiffs' motion should be denied because proposed Count IV for declaratory judgment is wholly redundant of Plaintiffs' Count I for breach of the flood insurance policy. (Dkt. No. 27) (citing *Jakubowski v. FEMA*, No. 12-2202, 2013 U.S. Dist. LEXIS 43789, *18 (D.N.J. Mar. 27, 2013) (denying, in part, plaintiff's motion to amend his complaint in a flood insurance case to include a count for declaratory judgment because it was redundant of the plaintiff's breach of contract counts). Count I of the Complaint alleges that Defendant Selective breached the insurance contract when it failed to pay and refused to reimburse Plaintiffs what they owed for damages caused by Hurricane Sandy. (Dkt. No. 1, at ¶¶ 40-44).

In *Jakubowski*, the Court explained that "in the context of a flood insurance suit a plaintiff may not bring a declaratory judgment claim unless there is a continuing controversy between the parties that will not be resolved by the existing cause of action." *See Jakubowski*, 2013 U.S. Dist. LEXIS 43789 at *18 (citing *Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F. Supp. 2d 675 (E.D.

Tex. 2004)). In *Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F. Supp. 2d 675 (E.D. Tex. 2004), an insured sought to assert a cause of action for declaratory relief "to declare the flood events at issue are covered events under the policy." *Id.* at 682. Rejecting plaintiff's position, the Court held that the National Flood Insurance Act did not provide for declaratory relief, and there was no actual case or controversy that would allow a claim under the Declaratory Judgment Act. *See id.* In so holding, the Court concluded:

> Even though there is a dispute about the rights and obligations of the parties under the contract that does not automatically ripen into an affirmative remedy under the Declaratory Judgment Act, especially if other adequate remedies already exist. 10B Charles A. Wright Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. §§ 2751, 2758 (3d ed. 1998). Plaintiffs would get nothing from a declaratory judgment that they would not get from prevailing on their breach of contract claims. There is no claim that there is a need to interpret the contract language because of possible future events. Since no actual relief can be granted, and no real controversy exists, the request for declaratory judgment is dismissed.

*Id.* The Court finds this reasoning persuasive. The proposed declaratory judgment cause of action is unnecessary and repetitive in light of the breach of contract claim. The dispute between the parties is whether Selective paid Plaintiffs all monies they are entitled to under their flood insurance policy, which will be resolved by the Court in addressing the breach of contract claim in Count I. Accordingly, Plaintiffs' proposed amendment to add a declaratory judgment claim in Count IV is **DENIED**.

### B. Defendant American Commerce Insurance Company

Plaintiffs also seek to add a claim for violation of New Jersey Consumer Fraud Act against American Commerce. (Dkt. No. 24-3, at ¶¶ 62-69). Defendant American Commerce contends that Plaintiffs' motion for leave to amend should be denied because allowing the proposed amendment is prejudicial to American Commerce. (Dkt. No. 29).

The issue of undue prejudice requires that the Court to focus on the hardship to the Defendants if the amendment were permitted. *Adams v. Gould, Inc.*, 739 F.2d 858 (3d Cir. 1984). "[P]rejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). However, "[t]o justify the denial of a motion to amend, the asserted prejudice must amount to more than mere inconvenience to the non-moving party." *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In determining what constitutes unfair prejudice, courts consider whether allowing the amended pleading would (1) require the non-moving party to expend significant resources to conduct discovery and prepare for trial, (2) significantly delay resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *Long*, 393 F.3d at 400.

Generally, courts have not found unfair prejudice when a party moves to amend when discovery is still open. *See, e.g.*, *Luppino v. Mercedes-Benz USA, LLC*, No. 09-cv-5582 (JLL) (JDD), 2014 U.S. Dist. LEXIS 123932, at *13-14 (D.N.J. Sept. 4, 2014); *Transweb v. 3M Innovative Props. Co., et al.*, No. 10-4413 (FSH), 2011 U.S. Dist. LEXIS 59095, at *25-26 (D.N.J. June 1, 2011) (finding no unfair prejudice where schedule would not be impacted and several months of fact discovery remained); *Leibholz v. Hariri and Celgene Corp.*, No. 05-5148 (DRD), 2007 U.S. Dist. LEXIS 54896 (D.N.J. July 27, 2007) (granting amendment where discovery was still open and final pretrial conference had not been set, among other factors). "[I]n contrast, '[i]f the proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law.'" *Luppino*, 2014 U.S. Dist. LEXIS 123932, at *13 (quoting *Voilas,* 173 F.R.D. at 396 (internal citations and quotations omitted)).

Plaintiffs assert that Defendants will not suffer any prejudice through an amendment because discovery has not yet been completed and the requests do not involve any new facts in this case such that additional discovery would be necessary.

Defendant American Commerce, on the other hand, contends that the new count is based on new facts not previously of record, including an alleged ongoing, widespread and continuous scheme to defraud its insured's in the payment of benefits under their policies of insurance. American Commerce explains that it has already served written discovery and Plaintiff has already responded. According to American Commerce, this amendment would require it to spend significant additional resources to conduct additional discovery and prepare for trial, including a motion to conduct additional discovery.  American Commerce even makes a request for additional discovery should the Court grant Plaintiffs' motion.  Finally, American Commerce contends that the pending deadlines may have to be extended to accommodate for this additional discovery.

The Court finds that the amendment to add a claim for violation of New Jersey Consumer Fraud Act against American Commerce will not unduly prejudice Defendant.  Plaintiffs moved to amend the Complaint within the deadline set forth in the HSCMO and the discovery deadline has not yet passed.  The current deadline for discovery is November 18, 2014.  Plaintiff further claims that no further discovery is necessary.  However, even if additional discovery is needed, the Court finds that any potential prejudice may be minimized through careful case management regarding any remaining, necessary discovery.  If, however, the parties cannot complete this additional discovery within the current deadline, they can request an extension from the Court.  Accordingly, Plaintiffs' proposed amendment to add a violation of the New Jersey Consumer Fraud Act in Count V is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons, having considered the parties' written submissions, this Court hereby **DENIES in part** and **GRANTS in part** Plaintiff's Motion to Amend their Complaint (Dkt. No. 24).

Dated: November 5, 2014

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
